## Fisher v. Geisinger Medical Center

Plaintiff initiated the instant action by filing a complaint on February 23, 1978, against defendant Geisinger Medical Center, hereinafter referred to as Geisinger. On August 3, 1978, Geisinger filed a complaint against additional defendant Alexander Ewing and Associates, hereinafter referred to as Ewing. Ewing then filed preliminary objections to Geisinger's complaint.

The facts of the case, briefly stated, are that plaintiff's decedent, Rick Fisher, jumped from the window of the second floor mental health ward of Geisinger and died. Plaintiff averred that Geisinger was negligent in failing to properly guard or protect the window. Geisinger alleges that Ewing designed the window and physical facilities and that if it is determined that the window and physical facilities were negligently designed and constructed, then Ewing is also liable.

Ewing objects that it is not within the jurisdiction of the arbitration panel under the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., hereinafter referred to as the act. The act provides that ". . . a party may join any additional party who may be necessary and proper to a just determination of the claim. The arbitration panel shall have jurisdiction over such additional parties whether they be health care providers or nonhealth care providers." 40 P.S. §1301.502. Thus, the crucial question becomes whether Ewing qualifies as a nonhealth care provider within the meaning of the act.

In Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978), the court held that the term nonhealth care provider was not intended by the legislature to include all those parties not within the definition of health care providers. Instead, the court determined that the act was intended ". . . to encompass those persons who, like manufacturers of drugs or medical instruments, although not health care providers as defined by section 103, are kindred to health care providers." Id., 383 A. 2d at 1298. The architect and designer of a medical facility is not a nonhealth care provider within the meaning of the act as articulated by Gillette.

In Dubin v. Suburban General Hospital, 12 D. & C. 3d 685 (1979), we dealt with this problem and stated:

". . . Inasmuch as claims against builders, architects, designers and other persons involved in construction and planning of health care structures are normally complex, time-consuming and unrelated to the providing of health care services, we are of the opinion that, in the ordinary case, the legislature never intended such matters to be brought before us for disposition."

While there may be a rare exception to this limit on our jurisdiction, this action is not such an exception. We are sympathetic to the argument of Geisinger that to sever its claim against Ewing may necessitate a second action. However, to permit the joinder of the designer of a hospital in a medical malpractice claim before us normally defeats the legislative mandate given the arbitration panels to provide plaintiff ". . . a prompt determination and adjudication of his claim . . ." 40 P.S. §1301.102.

Accordingly, we enter the following

## ORDER

And now, April 20, 1979, upon consideration of the preliminary objections and supporting brief, filed by Ewing on December 28, 1978, the brief in opposition, filed by Geisinger on January 2, 1979, the brief in support, filed by Ewing on January 8, 1979, and the oral argument on April 17, 1979, it is hereby ordered and decreed that, within 14 days from the date this order is certified from the record, the action by Geisinger against Ewing shall be dismissed unless within that time we receive a petition to transfer said action to the appropriate court of common pleas.